Christian Contreras, Esq. (SBN 330269)
Email: CC@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000

Attorneys for Plaintiffs, RYAN CORTEZ

Humberto M. Guizar, Esq., (SBN 125769)
Email: HGuizar@GHCLegal.com
**LAW OFFICES OF HUMBERTO GUIZAR**
**A PROFESSIONAL CORPORATION**
3500 W. Beverly Blvd.,
Montebello, California 90640
Tel: (323) 725-1151; Fax: (323) 597-0101

Attorneys for Plaintiffs, EDIN ALEX ENAMORADO

Denisse O. Gastélum, (SBN 282771)
Email: dgastelum@gastelumfirm.com
**GASTÉLUM LAW, APC**
3767 Worsham Ave.
Long Beach, California 90808
Tel: (213) 340-6112; Fax: (213) 402-8622

Attorneys for Plaintiffs, JESUS CORTEZ, et al.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

RYAN CORTEZ, an individual; EDIN ALEX ENAMORADO, an individual; JESUS CORTEZ, an individual; ALEJANDRINA ISABEL CORTEZ, an individual; LANCE CORTEZ, an individual; JESSE CORTEZ, an individual; JUSTIN CORTEZ, an individual,

Plaintiffs,

v.

HUNTINGTON PARK POLICE DEPARTMENT, a public entity; CITY OF HUNTINGTON PARK, a public entity; OFFICER MADRIGAL, an individual; MARILYN SANABRIA, an individual; COSME LOZANO, an individual,

Defendants.

**CASE NO.: 2:25-cv-493**

**COMPLAINT FOR DAMAGES**

1. First Amendment Violation (42 USC § 1983);
2. Judicial Deception in Violation of the Fourth Amendment (42 USC § 1983)
3. Unreasonable Detention in violation of the Fourth Amendment (42 USC § 1983);
4. Malicious Prosecution in Violation of the Fourth Amendment (42 USC § 1983);
5. Fabrication of Evidence in Violation of the Fourteenth Amendment (*Devereux* Claim) (42 USC § 1983);
6. Suppression of Exculpatory Evidence in Violation of the Fourteenth Amendment (*Brady* Claim) (42 USC § 1983);
7. Supervisory Liability (42 USC § 1983);
8. Municipal Liability – (*Monell*, 42 U.S.C. § 1983);
9. Negligence;
10. Malicious Prosecution
11. False Arrest/False Imprisonment;
12. Violation of the Tom Bane Act

**DEMAND FOR JURY TRIAL**

1

## INTRODUCTION

1.   This is a civil rights action seeking monetary damages against Defendants HUNTINGTON PARK POLICE DEPARTMENT ("HPPD"), CITY OF HUNTINGTON PARK ("CITY"), OFFICER MADRIGAL, COSME LOZANO and MARILYN SANABRIA for their attacks on the free speech rights of community activists RYAN CORTEZ and EDIN ALEX ENAMORADO by employing unconstitutional conduct including intimidation tactics and criminal prosecutions. Indeed, to meet that end, Defendants initiated the wrongful and unjust prosecution of RYAN CORTEZ, wrongful arrest of EDIN ALEX ENAMORADO, and the unlawful detention of JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ.

2.   RYAN CORTEZ and EDIN ALEX ENAMORADO are well known community activists who advocate for sidewalk street vendors throughout Los Angeles County. In 2023, the City of Huntington Park engaged in tactics which concerned street vendors and street vendor advocates alike. Based upon the CITY's and HPPD's practices, RYAN CORTEZ and EDIN ALEX ENAMORADO decided to speak up and advocate for street vendors in a number of ways including by voicing concerns at City Council meetings.

3.   The conduct of CITY and HPPD was highly concerning given that street vendors have long been woven into the fabric of Los Angeles, serving as an essential part of the city's culture. However, street vendors continue to face violence and harassment from certain groups and, in this case, law endorsement and CITY officials. Despite gaining more rights in recent years, many vendors still endure unjust treatment from law enforcement. Over the course of 2023, there were many reports of an increase in harassment by Huntington Park Police Department officers against street vendors in the City. Vendors reported several instances where police confiscated their carts, even when they presented valid county permits. While Huntington Park officials have stated that police actions are in response to requests from the county Department of Public

2

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Health, the Department has clarified in emails that it does not ask law enforcement to enforce code violations.

4. In order to address the oppression and harassment that street vendors faced, RYAN CORTEZ and EDIN ALEX ENAMORADO decided to exercise their constitutional rights by raising their concerns at CITY council meetings. Indeed, on July 18, 2023, RYAN CORTEZ and EDIN ALEX ENAMORADO, exercised their First Amendment rights at a City of Huntington Park City Council meeting. As a consequence of RYAN CORTEZ and EDIN ALEX ENAMORADO exercising their First Amendment rights, the CITY retaliated against RYAN CORTEZ and EDIN ALEX ENAMORADO by arresting EDIN ALEX ENAMORADO during the council meeting. Thereafter, HPPD raiding the home of RYAN CORTEZ in the early morning hours of July 21, 2023, through a search and arrest warrant, which resulted in the seizure of four (4) cell phones, two (2) laptops, and the arrest of RYAN CORTEZ. During the raid, HPPD violated the constitutional rights of JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ and treated them like criminals.

5. Plaintiffs now bring this civil rights action to remedy the egregious civil rights violations they were subjected to. Plaintiffs faced violations of the most fundamental civil rights, including their right to free speech and liberty. Plaintiff RYAN CORTEZ was subjected to additional violations of civil rights in violation of due process including his fundamental right to a fair trial. See *Estelle v. Williams*, 425 U.S. 501, 503 (1976) ("The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment.").

6. The misconduct by Defendants OFFICER MADRIGAL and MARILYN SANABRIA was also part of unconstitutional customs and practices within Defendants HPPD and CITY. Indeed, municipal liability further exists based upon CITY's failure to train. CITY's failure to train and unconstitutional customs and practices, were the moving force behind Plaintiff's deprivation of liberty and violation of constitutional

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

rights.

7. Accordingly, this civil rights lawsuit seeks to redress the violation of civil rights, hold MARILYN SANABRIA, OFFICER MADRIGAL, HPPD, and CITY accountable, and uphold the Constitution.

## JURISDICTION AND VENUE

8. This case is properly heard in United States District Court under federal question jurisdiction, pursuant 28 U.S.C. § 1331, as it is a civil suit which presents questions arising exclusively under federal law.

9. Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiffs' claims occurred within this district.

10. Plaintiffs presented their government claims on December 14, 2023. The government claims were rejected by operation of law on July 18, 2024. As such, Plaintiffs have complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

11. With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same nucleus of facts and circumstances which underlie the federal claims.

## PARTIES

12. Plaintiff RYAN CORTEZ is and was, at all times relevant hereto, a resident of the County of Los Angeles, California. Plaintiff RYAN CORTEZ brings his claims individually on the basis of 42 U.S.C §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law. Plaintiff RYAN CORTEZ also brings these claims as a Private Attorney General, to vindicate not only his rights, but others' civil rights of great importance.

13. Plaintiff EDIN ALEX ENAMORADO is and was, at all times relevant hereto, a resident of the County of Los Angeles, California. Plaintiff EDIN ALEX

4

ENAMORADO brings his claims individually on the basis of 42 U.S.C §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law. Plaintiff EDIN ALEX ENAMORADO also brings these claims as a Private Attorney General, to vindicate not only his rights, but others' civil rights of great importance.

14. Plaintiff JESUS CORTEZ is and was, at all times relevant hereto, the father of RYAN CORTEZ, and at all times relevant hereto was a resident of the County of Los Angeles, California.

15. Plaintiff ALEJANDRINA ISABEL CORTEZ is and was, at all times relevant hereto, the mother of RYAN CORTEZ, and at all times relevant hereto was a resident of the County of Los Angeles, California.

16. Plaintiff LANCE CORTEZ is and was, at all times relevant hereto, the brother of RYAN CORTEZ, and at all times relevant hereto was a resident of the County of Los Angeles, California.

17. Plaintiff JESSE CORTEZ is and was, at all times relevant hereto, the brother of RYAN CORTEZ, and at all times relevant hereto was a resident of the County of Los Angeles, California.

18. Plaintiff JUSTIN CORTEZ is and was, at all times relevant hereto, the brother of RYAN CORTEZ, and at all times relevant hereto was a resident of the County of Los Angeles, California.

19. Defendant HUNTINGTON PARK POLICE DEPARTMENT is a public entity with the capacity to sue and be sued.[1] At all times relevant to the facts alleged herein, Defendant HUNTINGTON PARK POLICE DEPARTMENT was responsible for law enforcement services in the City of Huntington Park.

---

[1] The Ninth Circuit has held that California law permits § 1983 claims against municipal police departments. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.").

5

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

20. Defendant CITY OF HUNTINGTON PARK is a public entity with the capacity to sue and be sued. At all times relevant to the facts alleged herein, Defendant CITY OF HUNTINGTON PARK is was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and of the State of California.

21. Defendant OFFICER MADRIGAL was an employee of HPPD at all relevant times. At all relevant times, Defendant OFFICER MADRIGAL was acting under color of law.

22. Defendant MARILYN SANABRIA was an employee of CITY at all relevant times. She was the Mayor of Huntington Park City Council at the time of these incidents. At all relevant times, Defendant MARILYN SANABRIA was acting under color of law.

23. Defendant COSME LOZANO was an employee of CITY at all relevant times. He is and was the Chief of Police at the time of these incidents. At all relevant times, Defendant COSME LOZANO was acting under color of law.

24. Each of the defendants caused, and is responsible for, the deliberate violation of Plaintiffs' rights, among other things, personally participating in the unlawful conduct, acting jointly, or conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting in motion policies, plans, or actions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct; by failing and refusing to initiate and maintain adequate training and supervision; by failing to enact policies to address the constitutional rights of protesters despite the obvious need for such a policy; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

25. Plaintiffs are informed and believe and thereon allege that each of the Defendants was, at all material times, an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the

PLAINTIFFS' COMPLAINT FOR DAMAGES

things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

26.     Plaintiffs are informed and believe, and thereupon allege, that at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

27.     In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

28.     In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

## FACTUAL ALLEGATIONS

29.     RYAN CORTEZ and EDIN ALEX ENAMORADO are well known community activists who advocate for sidewalk street vendors throughout Los Angeles County. In 2023, the City of Huntington Park engaged in tactics which concerned street vendors and street vendor advocates alike. Based upon the CITY's and HPPD's practices, RYAN CORTEZ and EDIN ALEX ENAMORADO decided to speak up and advocate for street vendors in a number of ways including by voicing concerns at City Council meetings.

30.     The conduct of CITY and HPPD was highly concerning given that street vendors have long been woven into the fabric of Los Angeles, serving as an essential part of the city's culture. However, street vendors continue to face violence and harassment from certain groups and, in this case, law endorsement and CITY officials. Despite gaining more rights in recent years, many vendors still endure unjust treatment from law enforcement. Over the course of 2023, there were many reports of an increase

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

in harassment by Huntington Park Police Department officers against street vendors in the City. Vendors reported several instances where police confiscated their carts, even when they presented valid county permits. While Huntington Park officials have stated that police actions are in response to requests from the county Department of Public Health, the Department has clarified in emails that it does not ask law enforcement to enforce code violations.

31.    On July 18, 2023, in free exercise of speech and also engaging in political speech, RYAN CORTEZ and EDIN ALEX ENAMORADO, two (2) well know community activist, provided public comment at the July 18, 2023, Huntington Park City council meeting. Among other things, RYAN CORTEZ and EDIN ALEX ENAMORADO voiced their concerns with the CITY's harassment of street vendors. RYAN CORTEZ and EDIN ALEX ENAMORADO never made any threats or said anything alarming during meeting. Nor did either of them make any attempts to provoke harm or disrupt during the meeting.

32.    In fact, after EDIN ALEX ENAMORADO provided public comment, EDIN ALEX ENAMORADO peacefully sat back down in the audience. After several minutes, EDIN ALEX ENAMORADO peacefully and quietly got up to go to the restroom. EDIN ALEX ENAMORADO whispered to an officer that he was going to the restroom. As EDIN ALEX ENAMORADO was almost out of the City Council chambers and as he was simply walking out, MARILYN SANABRIA accused EDIN ALEX ENAMORADO of disrupting the meeting and ordered a police officer to remove EDIN ALEX ENAMORADO from the council meeting.

33.    After EDIN ALEX ENAMORADO was removed from the meeting, OFFICER MADRIGAL, without probable cause, arrested and cited EDIN ALEX ENAMORADO for Penal Code § 403 PC – Disturbing a Public Meeting.

34.    Clearly, EDIN ALEX ENAMORADO removal from a public meeting by MAYOR MARILYN SANABRIA was in retaliation for EDIN ALEX ENAMORADO's exercise of his First Amendment right of criticizing by MAYOR

8

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

MARILYN SANABRIA and the City Council.

35. After EDIN ALEX ENAMORADO was unlawfully arrested, RYAN CORTEZ and others voiced their concerns outside of CITY OF HUNTINGTON PARK City Hall. RYAN CORTEZ was engaging in First Amendment protected activity at all relevant times when he was at CITY OF HUNTINGTON PARK City Hall.

36. That same day, after the July 18, 2023, meeting, RYAN CORTEZ and others protested outside of MARILYN SANABRIA's home. RYAN CORTEZ and others were simply outside of MAYOR MARILYN SANABRIA's home. The protest outside of MAYOR MARILYN SANABRIA's home was peaceful, no one was injured, and it only lasted one hour. The protest outside of MAYOR MARILYN SANABRIA's home was terminated by CITY OF HUNTINGTON PARK police officers who arrived shortly after the protesters.

37. At no point during that protest did RYAN CORTEZ incite or direct others to commit harm or destruction or say anything threatening in any form. RYAN CORTEZ left the protest without incident and went home.

38. The City of Huntingtin Park Police Department, in conspiracy with the City Council, decided to retaliate against RYAN CORTEZ for exercising his right to free speech and political expression.

39. Indeed, on July 21, 2023, Defendant Does 1-10 along with multiple police officers from the CITY OF HUNTINGTON PARK, including several officers in armored SWAT vehicles, raided the Cortez Family home in the middle of the night in Whittier, California. RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JUSTIN CORTEZ, and JESSE CORTEZ were all subjected to treatment which violated their constitutional rights.

40. At approximately 4:20 a.m., Plaintiffs RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JUSTIN CORTEZ, and JESSE CORTEZ were met with loud banging on their front door and

9

commands shouted through a bullhorn, instructing them to come outside. HUNTINGTON PARK POLICE DEPARTMENT officers handcuffed RYAN CORTEZ's father, JESUS CORTEZ, and his brothers, LANCE CORTEZ, JESSE CORTEZ, including his then sixteen-year-old brother JUSTIN CORTEZ. RYAN CORTEZ and his family were shaken and deeply distraught after being abruptly awakened in the middle of the night, finding officers pointing guns at each of them.

41. The officers had RYAN CORTEZ's father and brothers sit handcuffed and barefoot on the edge of the curve with guns pointed to their backs. RYAN CORTEZ's mother, ALEJANDRINA ISABEL CORTEZ, was not handcuffed but she was directed to sit on the curve next to the rest of her family. Screenshots taken from a video taken while RYAN CORTEZ's family home is being searched.



42. CITY OF HUNTINGTON PARK police officers did not find any evidence of any crime but arrested RYAN CORTEZ for Criminal Threats (Penal Code Section 422).

43. MARILYN SANABRIA and the CITY OF HUNTINGTON PARK thereafter engaged in conduct to maliciously prosecute RYAN CORTEZ by working with the Los Angeles County District Attorney's office to prosecute RYAN CORTEZ

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

for a crime which had zero probable cause. On October 5, 2023, a jury acquitted RYAN CORTEZ of all charges against him.

44.    Clearly, the actions taken by the Defendants were a retaliation against EDIN ALEX ENAMORADO and RYAN CORTEZ for their political activism which involved criticism of then mayor MARILYN SANABRIA, the CITY, and HPPD.

## FIRST CLAIM FOR RELIEF

### First Amendment Violation

### (42 USC § 1983)

### (By EDIN ALEX ENAMORADO & RYAN CORTEZ As Against Defendants MARILYN SANABRIA & OFFICER MADRIGAL)

45.    Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

46.    The First Amendment to the Constitution provides in part, "Congress shall make no law…prohibiting the free exercise thereof; or abridging the freedom of speech…or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

47.    At all relevant times, Plaintiffs EDIN ALEX ENAMORADO and RYAN CORTEZ were engaged in constitutionally protected activity, specifically, on July 18, 2023, both plaintiffs were present at the city council meeting for the CITY OF HUNTINGTON PARK where they attended to specifically voice their concerns for the harassment that street vendors were experiencing in the CITY at the hands of the HPPD.

48.    Additionally, RYAN CORTEZ was also engaged in constitutionally protected activity when he protested outside of the home of MARILYN SANABRIA on the evening of July 18, 2023. RYAN CORTEZ was not on private property and was not blocking access to sidewalks or building, inciting disruption, or making any threats.

49.    Defendants MARILYN SANABRIA and OFFICER MADRIGAL, acting under color of state law, took adverse actions against Plaintiffs, including arresting both

11

Plaintiffs without probable cause, at the request of MARILYN SANABRIA. EDIN ALEX ENAMORADO was arrested at the City Council Meeting. Subsequently, RYAN CORTEZ's family home was raided and arrested during the raid. The arrest were done in response to Plaintiffs' exercise of First Amendment rights.

50. Defendants' actions were intended as retaliation against Plaintiffs RYAN CORTEZ and EDIN ALEX ENAMORADO for engaging in constitutionally protected activities. There was no probable cause to arrest Plaintiffs RYAN CORTEZ and EDIN ALEX ENAMORADO for the crimes they were arrested for. Worst yet, neither RYAN CORTEZ nor EDIN ALEX ENAMORADO were found guilty of the crimes they were arrested for. The decision to arrest RYAN CORTEZ and EDIN ALEX ENAMORADO for engaging in free speech and political expression would deter any person of ordinary firmness from continuing to engage in such protected activities.

51. Plaintiffs RYAN CORTEZ and EDIN ALEX ENAMORADO's protected activity was a substantial and motivating factor in Defendants' conduct. Defendants' actions were not justified by any legitimate government interest but were intended to have a chilling effect on Plaintiffs' free expression and political speech and deter the future exercise of their rights.

52. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained damages.

53. The conduct of Defendants entitles Plaintiffs to punitive damages and all damages allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants CITY and HPPD.

54. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States laws.

///

///

///

///

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

**<u>SECOND CLAIM FOR RELIEF</u>**

**Judicial Deception in Violation of the Fourth Amendment**

**(42 U.S.C. § 1983)**

**(By Plaintiffs RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ As Against Defendants Does 1-10)**

55. Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

56. The Fourth Amendment to the Constitution provides in part, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

57. Under the Fourth Amendment, a person has the right to be free from an unreasonable search of a person's person, residence and effects. In general, a search of a person, residence, or effects is unreasonable under the Fourth Amendment if the search is not conducted pursuant to a search warrant. A search warrant is a written order signed by a judge that permits a law enforcement officer to search a particular location and seize specific items. To obtain a search warrant, a law enforcement officer must show probable cause that a crime has been committed and that items related to that crime are likely to be found in the place specified in the warrant. In deciding whether to issue a search warrant, a judge generally relies on the facts stated in a warrant affidavit signed by a law enforcement officer.

58. Plaintiffs RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ allege that their Fourth Amendment rights were violated because the warrant used to search their persons, residence and effects was obtained through judicial deception.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

59. Indeed, Defendants Does 1-10 submitted to a judge a warrant affidavit that contained several misrepresentations or omissions material to the finding of probable cause concerning RYAN CORTEZ. Specifically, upon information and belief, the warrant affidavit misrepresented that RYAN CORTEZ issued criminal threats when RYAN CORTEZ did not issue any threats at all, let alone criminal threats.

60. In submitting the warrant affidavit, Defendants Does 1-10 made those misrepresentations or omissions intentionally or with reckless disregard for the truth. In fact, the misrepresentation were made intentionally because there was zero evidence whatsoever that RYAN CORTEZ issued any criminal threats.

61. Without such misrepresentations, judge would not have issued the warrant. This flawed warrant was wielded with the intent to intimidate RYAN CORTEZ from exercising free speech and political expression. Yet, the message was targeted not just towards RYAN CORTEZ, but also all of RYAN CORTEZ's family members who were present at their home during the raid and who were treated like criminals during the raid.

62. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained damages.

63. The conduct of Defendants entitles Plaintiffs to punitive damages and all damages allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants CITY and HPPD.

64. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States laws.

### THIRD CLAIM FOR RELIEF

**Unreasonable Detention in Violation of the Fourth Amendment**

**(42 U.S.C. § 1983)**

**(By Plaintiffs RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ As Against Defendant Does 1-10)**

65.    Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

66.    The Fourth Amendment to the Constitution provides in part, "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated . . ." U.S. Const. amend. IV. This right prohibits law enforcement from unreasonably detaining an individual any longer than the time it takes to complete the search or in a manner that is unreasonable under the circumstances.

67.    On July 21, 2023, while executing a search warrant at 13716 Marquita Lane, police officers detained Plaintiffs RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ in a manner that was unreasonable and excessively prolonged, based on the fact that neither RYAN CORTEZ, nor his family members JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ posed any credible safety threat and there were no circumstances present that would otherwise justify controlling occupants' movements during a search.

68.    On July 21, 2023, pursuant to a search and arrest warrant, Plaintiffs RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ were met with guns, SWAT vehicles, and several officers outside of their home. They were ordered to exist their home, through a loud bullhorn, in the middle of the night, at around 4:20 a.m., without being given the opportunity to put on shoes, or even a sweater.

69.    Plaintiffs RYAN CORTEZ, JESUS CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ were all handcuffed. RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ were all made to sit on the curb outside of their home, in the cold and barefoot, while officers stood behind them, pointing guns.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

70. Defendants Does 1-10 was present during the execution of the search and arrest warrant for RYAN CORTEZ on July 21, 2023. Defendants Does 1-10's actions, as it relates to the manner of execution of the warrant on July 21, 2023, exceeded legitimate law enforcement interests for the following reasons:

71. Here, the officers, had no reasonable basis to believe that RYAN CORTEZ or any of RYAN CORTEZ's family members in the home would flee during the search. The search was done early in the morning while it was still dark outside, and the occupants had no way of escaping the premise without encountering an officer outside, as there were over 20 officers present in the area.

72. Furthermore, the officers had no reasonable basis to believe that any of the occupants in that home posed a genuine risk to the officer's safety or to themselves. Neither does RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, or JUSTIN CORTEZ have a violent criminal record that would suggest that they are a threat to officers. Furthermore, all occupants, including RYAN CORTEZ, were compliant to all police commands.

73. Finally, detaining RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ did nothing to expedite the search.

74. For the reasons described above, the nature of the detention of the occupants in that home, including RYAN CORTEZ, did not require force and extensive physical control for officer safety or to prevent flight and was, therefore, unreasonable. *See Michigan v. Summers*, 452 U.S. 692, 702 (1981); *See also Muehler v. Mena, 544 U.S. 93 (2005).*

75. The detention was unreasonable because the governmental interest in minimizing the risk of harm to officers and occupants was not sufficiently justified by the specific circumstances and nature of the search conducted. In fact, the nature of the detention created more risk of potential harm to the occupants of the home because there was a minor, JUSTIN CORTEZ, in the home who was also held at gunpoint by

16

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

police. The way that police handled the detention of the occupants, and the arrest of RYAN CORTEZ inflected great distress to RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ.

76. Furthermore, given that the search was for electronics and documentary evidence, the nature of the detention, by use of handcuffs and guns, exceeded permissible bounds and unduly infringed upon the Plaintiffs' Fourth Amendment rights without sufficient justification. *See Muehler v. Mena*, 544 U.S. 93, 100 (2005).

77. Plaintiffs did not pose an immediate threat to the officers or interfered with the search for documents and electronics, which required minimal risk management compared to contraband or weapons. Further, the prolonged and intrusive nature of the detention failed to facilitate the efficient completion of the search, rendering it unreasonable.

78. Defendant's detention of Plaintiffs was excessive, unnecessary, and lacked sufficient justification under Fourth Amendment standards. A reasonable officer on the scene would have recognized that the nature of the warrant did not necessitate prolonged detention of occupants, nor did it involve circumstances warranting such a level of restriction.

79. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained damages.

80. The conduct of Defendants entitles Plaintiffs to punitive damages and all damages allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants CITY and HPPD.

81. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States laws.

///

///

///

17

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

# FOURTH CLAIM FOR RELIEF

## Malicious Prosecution in Violation of the Fourth Amendment

## (42 U.S.C. § 1983)

## (By Plaintiff RYAN CORTEZ As Against Defendants MARILYN SANABRIA and DOES 1-10)

82. Plaintiff reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

83. To state a malicious prosecution claim under Section 1983, a plaintiff must both satisfy the elements of a malicious prosecution claim under California law and show that the prosecution was conducted with the intent to deprive them of equal protection or their constitutional rights. *Awadby v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004). "In California, the elements of malicious prosecution are (1) the initiation of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (citing *Singleton v. Perry*, 45 Cal. 2d 489, 494 (1955)). A malicious prosecution claim also requires that the criminal proceeding have been terminated in favor of the accused. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 919 (9th Cir. 2012); *Thompson v. Clark*, 596 U.S. 36, 44 (2022).

84. Actions for malicious prosecutions are not limited to suits against prosecutors; they may also be brought against others acting under the color of state law who have wrongfully caused the charges to be filed. *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126–27 (9th Cir. 2002). "Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). However, to overcome the presumption of prosecutorial independence, a plaintiff must allege facts suggesting that the defendants "improperly exerted pressure on the prosecutor, knowingly provided

18

misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Id*.

85.     At all relevant times, a criminal prosecution was initiated against Plaintiff RYAN CORTEZ. *See People v. Ryan Cortez* (Los Angeles County Superior Court No. CN 3DN02690). Upon information and belief, Defendants MARILYN SANABRIA and Does 1-10 acted with malicious motivation. Further, there was an utter lack of probable cause to charge and prosecute Plaintiff RYAN CORTEZ.

86.     Defendants MARILYN SANABRIA and Does 1-10 engaged in the following unconstitutional conduct: Marilyn Sanabria fabricated testimony by exaggerating key details and presenting a false and fraudulent version of events that painted activist RYAN CORTEZ in a significant negative light. Through her misleading statements, she distorted the facts to suggest a level of culpability that was both unsubstantiated and damaging to the RYAN CORTEZ's character and legal standing.

87.     Clearly, Defendants MARILYN SANABRIA and Does 1-10  fabricated oral and written testimony in order to make RYAN CORTEZ seem dangerous. Worst yet, even after knowing full well that RYAN CORTEZ was innocent, Defendants MARILYN SANABRIA and Does 1-10 continued to aid in the prosecution of RYAN CORTEZ by providing testimony during RYAN CORTEZ's trial. The conduct of Defendants MARILYN SANABRIA and Does 1-10 directly caused RYAN CORTEZ to be unjustly prosecuted.

88.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff RYAN CORTEZ sustained damages.

89.     The conduct of Defendants entitles RYAN CORTEZ to punitive damages and all damages allowable under 42 U.S.C. § 1983 and as provided by law. RYAN CORTEZ does not seek punitive damages against Defendants CITY and HPPD.

///

19

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

90. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States laws.

## FIFTH CLAIM FOR RELIEF

**Fabrication of Evidence in Violation of the Fourteenth Amendment**

**(*Devereux* Claim) - (42 U.S.C. § 1983)**

**(By Plaintiff RYAN CORTEZ As Against Defendants MARILYN SANABRIA and Does 1-10)**

91. Plaintiff reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

92. "The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a state official." *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017). "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017).

93. A plaintiff may establish the first element of a fabrication claim – that the defendants deliberately fabricated evidence – by direct evidence such as "direct misquotation of witnesses in investigative reports." *Spencer*, 857 F.3d at 799. Alternatively, a plaintiff may show that the defendants continued their investigation of the plaintiff "despite the fact that they knew or should have known that he was innocent," or that the defendants "used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).

94. Fabrication can be established either through "material false statements or material omissions." *Liston v. Cnty. of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997); *Morse v. Fusto*, 804 F.3d 538, 548 (2d Cir. 2015) ("[I]nformation may be 'false' if material omissions render an otherwise true statement false."). Deliberate fabrication can be shown when an interviewer "deliberately mischaracterizes witness statements

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

in [an] investigative report." *Costanic v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111-12 (9th Cir. 2010).

95. At all relevant times, Defendants MARILYN SANABRIA and Does 1-10 deliberately fabricated evidence against RYAN CORTEZ. This case concerns the direct orchestration by Defendants MARILYN SANABRIA and Does 1-10 to fabricate untrue statements that led to the arrest of RYAN CORTEZ and to falsely testify against RYAN CORTEZ.

96. Defendants MARILYN SANABRIA and Does 1-10 knew or should have known that RYAN CORTEZ was innocent from the inception of the case yet, they proceeded with aiding in the prosecution of RYAN CORTEZ. Indeed, RYAN CORTEZ was found not guilty by jury trial and acquitted of all charges. Clearly, RYAN CORTEZ was innocent but, Defendants MARILYN SANABRIA and Does 1-10 were firmly determined to convict an innocent young man, RYAN CORTEZ.

97. Indeed, as detailed in the factual allegations section, Defendants MARILYN SANABRIA and Does 1-10 fabricated the following evidence: Marilyn Sanabria fabricated testimony by exaggerating key details and presenting a skewed version of events that painted activist RYAN CORTEZ in a significant negative light. Through her misleading statements, she distorted the facts to suggest a level of culpability that was both unsubstantiated and damaging to the RYAN CORTEZ's character and legal standing.

98. Clearly, Defendants MARILYN SANABRIA and Does 1-10 fabricated oral and written testimony in order to make RYAN CORTEZ seem dangerous. Worst yet, even after knowing full well that RYAN CORTEZ was innocent, Defendants MARILYN SANABRIA and Does 1-10 continued to aid in the prosecution of RYAN CORTEZ by providing testimony during RYAN CORTEZ's trial. The conduct of Defendants MARILYN SANABRIA and Does 1-10 directly caused RYAN CORTEZ to be unjustly prosecuted.

///

21

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

99.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained damages.

100.    The conduct of Defendants entitles Plaintiff to punitive damages and all damages allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants CITY and HPPD.

101.    Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States laws.

## SIXTH CLAIM FOR RELIEF

### Suppression of Exculpatory Evidence in Violation of the

### Fourteenth Amendment

### (*Brady* Claim) (42 U.S.C. § 1983)

### (By Plaintiff RYAN CORTEZ As Against Defendants MARILYN SANABRIA

### and Does 1-10)

102.    Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

103.    Under *Brady v. Maryland*, "the suppression by the prosecution of evidence favorable to an accused ... violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. *Brady* requires the disclosure of "impeachment evidence as well as exculpatory evidence." *Strickler v. Greene*, 527 U.S. 263 (1999). Even inadvertent failure to disclose may violate this duty, which does not require a criminal defendant's request. *See United States v. Bruce*, 984 F.3d 884, 894 (9th Cir. 2021). Disclosures "must be made at a time when [the] disclosure would be of value to the accused." *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) (quoting *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988)).

104.    A *Brady* violation has three elements: "[1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully

22

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

or inadvertently; and [3] prejudice must have ensued." *Strickler*, 527 U.S. at 281–82.

105. As detailed in the factual allegations section, Defendants MARILYN SANABRIA and Does 1-10 failed to disclose the following exculpatory evidence: Marilyn Sanabria fabricated testimony by exaggerating key details and presenting a skewed version of events that painted activist RYAN CORTEZ in a significant negative light. Through her misleading statements, she distorted the facts to suggest a level of culpability that was both unsubstantiated and damaging to the RYAN CORTEZ's character and legal standing. Defendants MARILYN SANABRIA and Does 1-10 also failed to disclose that Defendant MARILYN SANABRIA had a prior relationship with EDIN ALEX ENAMORADO and was seeking retribution against RYAN CORTEZ for his free exercise of speech.

106. Clearly, Defendants MARILYN SANABRIA and Does 1-10 fabricated oral and written testimony in order to make RYAN CORTEZ seem dangerous. Worst yet, even after knowing full well that RYAN CORTEZ was innocent, Defendants MARILYN SANABRIA and Does 1-10 continued to aid in the prosecution of RYAN CORTEZ by providing testimony during RYAN CORTEZ's trial. The conduct of Defendants MARILYN SANABRIA and Does 1-10 directly caused RYAN CORTEZ to be unjustly prosecuted.

107. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained damages.

108. The conduct of Defendants entitles Plaintiff to punitive damages and all damages allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants CITY and HPPD.

109. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States laws.

///

///

///

23

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## SEVENTH CLAIM FOR RELIEF

### Supervisory Liability

### (42 U.S.C. § 1983)

### (By All Plaintiffs As Against Defendants MARILYN SANABRIA and COSME LOZANO)

110.   Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

111.   This claim is brought against Defendants MARILYN SANABRIA, AND COSME LOZANO in their individual capacities as supervisors within the CITY and HPPD. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Indeed, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.*

112.   Upon information and belief, Defendants MARILYN SANABRIA and COSME LOZANO were supervisors with CITY and HPPD and were personally involved with RYAN CORTEZ's, JESUS CORTEZ's, ALEJANDRINA ISABEL CORTEZ's, LANCE CORTEZ's, JESSE CORTEZ's, and JUSTIN CORTEZ's constitutional deprivations. In fact, COSME LOZANO was and continues to be the Chief of the HPPD.

113.   At all relevant times, Defendants MARILYN SANABRIA and COSME LOZANO had the power to cease their own unconstitutional conduct but failed to do so and their wrongful conduct caused RYAN CORTEZ's, JESUS CORTEZ's, ALEJANDRINA ISABEL CORTEZ's, LANCE CORTEZ's, JESSE CORTEZ's, and JUSTIN CORTEZ's constitutional deprivations.

24

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

114. Furthermore, Defendants MARILYN SANABRIA and COSME LOZANO, are also liable for their acquiescence in the constitutional deprivation given that they were aware an innocent person, RYAN CORTEZ, was being unconstitutionally prosecuted and detained.

115. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained damages.

116. The conduct of Defendants entitles Plaintiff to punitive damages and all damages allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants CITY and HPPD.

117. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States laws.

## EIGHTH CLAIM FOR RELIEF

### For Municipal Liability

### (*Monell* Claim)

### (42 U.S.C. § 1983)

### (By All Plaintiffs As Against Defendants CITY and HPPD)

118. Plaintiff reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

119. The unconstitutional actions and/or omissions of Defendants MARILYN SANABRIA, OFFICER MADRIGAL, and Does 1-10, as well as other employees acting on behalf of the Defendants CITY and HPPD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the Defendants CITY and HPPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the CITY and HPPD:

A. Unconstitutionally focusing an investigation on an innocent person such as RYAN CORTEZ;

B. Unconstitutionally arresting innocent activists, such as EDIN ALEX ENAMORADO and RYAN CORTEZ, without probable cause;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

C. Unconstitutionally retaliating against innocent activists, such as EDIN ALEX ENAMORADO and RYAN CORTEZ, without probable cause;

D. Unreasonably and unconstitutionally detaining occupants while searching RYAN CORTEZ's home;

E. Permitting witnesses to testify and provide statements despite having express knowledge that such witnesses are providing false and fabricated testimony;

F. Permitting peace officers and councilmembers to conspire to retaliate against political free speech;

G. Concealing and/or suppressing evidence which could be exculpatory; and

H. Initiating prosecution and continuing prosecution of innocent people such as RYAN CORTEZ.

120. Defendants CITY and HPPD, through their employees and agents, and through their policy-making supervisors, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants MARILYN SANABRIA, OFFICER MADRIGAL, and Does 1-10, and other Defendants CITY and HPPD personnel, with deliberate indifference to the constitutional rights of RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ and others in similar positions, as described above, and therefore, those rights thereby violated.

121. The unconstitutional actions and/or omissions of Defendants MARILYN SANABRIA, OFFICER MADRIGAL, and Does 1-10 and other employees, as described above, were approved, tolerated, and/or ratified by policymaking officers for CITY and HPPD.

122. Plaintiffs are informed and believe and thereon allege that the details of this incident have been revealed to the authorized policymakers within the CITY and HPPD and that such policymakers have direct knowledge of the fact that RYAN CORTEZ was being prosecuted and detained in retaliation for his political speech and

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

such conduct was the result of deliberate indifference to his rights to be protected and safe.

123. Plaintiffs are informed and believe and thereon allege that the details of this incident have been revealed to the authorized policymakers within the CITY and HPPD and that such policymakers have direct knowledge of the fact that EDIN ALEX ENAMORADO was arrested as the result of retaliation for his political speech and in deliberate indifference to his rights to be protected and safe.

124. Plaintiffs are informed and believe and thereon allege that the details of this incident have been revealed to the authorized policymakers within the CITY and HPPD and that such policymakers have direct knowledge of the fact that JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ were unconstitutionally detained as the result of deliberate indifference to their rights to be protected and safe.

125. Notwithstanding this knowledge, the authorized policymakers within the CITY and HPPD approved of the conduct and decisions of Defendants MARILYN SANABRIA, OFFICER MADRIGAL, and Does 1-10 in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in constitutional deprivations of RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ.

126. By so doing, the authorized policymakers within the Defendants CITY and HPPD have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants. Furthermore, Plaintiffs are informed and believe, and thereupon allege, that policy-making officers for Defendants CITY and HPPD were and are aware of a pattern of misconduct and injury caused Defendants.

127. The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate,

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants CITY and HPPD were a moving force and/or a proximate cause of the deprivations of RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983.

128. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ, Plaintiffs and others would be violated by their acts and/or omissions.

129. Furthermore, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Flores v. County of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

130. Plaintiffs claim that they was deprived of their civil rights as a result of the referenced failures of Defendant CITY's and HPPD's failure to train their employees, including defendants OFFICER MADRIGAL and MARILYN SANABRIA.

131. Here, Defendants MARILYN SANABRIA, OFFICER MADRIGAL, and Does 1-10, did have the adequate training to ensure they did not violate the constitutional rights of individuals such as Plaintiffs. Indeed, the training polices of Defendants CITY and HPPD were deficient and did not sufficiently train their employees.

132. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants CITY and HPPD, as

28

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

described above, RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ suffered the loss of protected constitutional rights.

133. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ sustained injuries and damages.

134. The conduct of Defendants entitles Plaintiffs to punitive damages and all damages allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants CITY and HPPD.

135. Plaintiffs RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988 as well as other applicable United States and California codes and laws.

### NINTH CLAIM FOR RELIEF

**For Negligence**

**(By All Plaintiffs As Against All Defendants Save HPPD)**

136. Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

137. The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under § 820, as a public employee, the individual Defendants MARILYN SANABRIA and OFFICER MADRIGAL are liable for injuries caused by their acts or omissions to the same extent as a private person. Under § 815.2, the defendant public entity, CITY, is vicariously liable for injuries caused by the acts or omissions of its employees, officers, and agents, committed within the course and scope of that employment, including Defendants MARILYN SANABRIA and OFFICER MADRIGAL. This cause of action is not alleging direct liability against

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Defendant CITY, only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

138.   Plaintiffs claim that Defendants MARILYN SANABRIA and OFFICER MADRIGAL were negligent when they arrested RYAN CORTEZ and EDIN ALEX ENAMORADO as well as for the detention of JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ, and prosecution of RYAN CORTEZ.

139.   Defendants MARILYN SANABRIA and OFFICER MADRIGAL owed Plaintiffs RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ a duty of care.

140.  Such duty of care owed to RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ required Defendants MARILYN SANABRIA and OFFICER MADRIGAL to exercise reasonable care when conducting city council meetings, respecting the constitutional rights of members of the public and carrying out official duties.

141.   Indeed, such duty of care required Defendants MARILYN SANABRIA and OFFICER MADRIGAL to refrain from making unreasonable arrests, and unreasonable detentions.

142.  Defendants MARILYN SANABRIA and OFFICER MADRIGAL breached one or more of such duties owed to RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ by arresting and detaining Plaintiffs

143.   Defendant MARILYN SANABRIA breached one or more of such duties owed to RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and

30

JUSTIN CORTEZ by ordering the arrests of RYAN CORTEZ and EDIN ALEX ENAMORADO making false and misleading statements to police which resulted in the arrest of RYAN CORTEZ and EDIN ALEX ENAMORADO and detention of JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ.

144. Each such breach of duty of care was a substantial factor in causing harm to RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ because the unreasonable arrests and detention tactics, decisions, and non-interventions directly contributed to the harm suffered by RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ.

145. Due to the injuries caused by Defendants MARILYN SANABRIA and OFFICER MADRIGAL, Plaintiffs RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ suffered damages

### TENTH CLAIM FOR RELIEF

### Malicious Prosecution Under State Law

### (By Plaintiff RYAN CORTEZ As Against Defendants MARILYN SANABRIA)

146. Plaintiff realleges and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

147. The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under § 820 of the Government Code, as public employees, the individual defendants are liable for injuries caused by their acts or omissions to the same extent as a private person. Under § 815.2 of the Government Code, Defendants CITY and HPPD are liable for injuries caused by the acts or omissions of its employees, agents, and/or detectives committed within the course and scope of their employment. This claim for relief is not alleging direct liability against Defendants CITY and HPPD,

only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

148. As previously alleged, Defendants MARILYN SANABRIA and Does 1-10, were actively involved in causing Plaintiff RYAN CORTEZ to be arrested and prosecuted and in causing the continuation of the prosecution of RYAN CORTEZ.

149. Ultimately, the criminal proceeding of RYAN CORTEZ ended in RYAN CORTEZ's favor.

150. Based upon the fabrication of evidence, false testimony, and suppression of other exculpatory evidence, no reasonable person in Defendants' circumstances would have believed that there were grounds for causing Plaintiff RYAN CORTEZ to be arrested and prosecuted.

151. Defendants MARILYN SANABRIA and Does 1-10 acted primarily for a purpose other than to bring Plaintiff RYAN CORTEZ to justice.

152. Plaintiff RYAN CORTEZ was clearly harmed by being deprived of his freedom and the conduct of Defendants MARILYN SANABRIA and Does 1-10 was a substantial factor in causing such harm.

153. As a direct and proximate result of the aforementioned acts of these Defendants, Plaintiff RYAN CORTEZ was injured as set forth above, and such injuries entitle Plaintiff to all damages allowable under California law. Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorney fees under California law, including punitive damages against these individual Defendants.

## ELEVENTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

### (By All Plaintiffs As Against Defendants Does 1-10)

154. Plaintiff reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.
///

32

155. The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under § 820 of the Government Code, as public employees, the individual defendants are liable for injuries caused by their acts or omissions to the same extent as private persons. Under § 815.2 of the Government Code, Defendant CITY and HPPD are liable for injuries caused by the acts or omissions of its employees, agents, and/or detectives committed within the course and scope of their employment. This claim for relief is not alleging direct liability against Defendants CITY and HPPD, only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

156. As previously alleged, Defendant Does 1-10 caused Plaintiff RYAN CORTEZ to be wrongfully arrested and wrongfully imprisoned/detained.

157. As previously alleged, Defendant Does 1-10 caused Plaintiffs JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ to be wrongfully detained.

158. Plaintiff RYAN CORTEZ's arrest, detention and imprisonment was unconstitutional and illegal given that such was based upon Defendant Does 1-10 fabricating evidence, providing false testimony, suppressing exculpatory evidence, and other unconstitutional and illegal conduct.

159. Plaintiffs JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ's detention was unconstitutional and illegal given that such was based upon Defendant Does 1-10 fabricating evidence, providing false testimony, suppressing exculpatory evidence, and other unconstitutional and illegal conduct.

160. Plaintiffs RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ were clearly harmed by being deprived of their freedom and the conduct of Defendant Does 1-10 was a substantial factor in causing such harm.

///

33

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

161.   As a direct and proximate result of the aforementioned acts of Defendant, Plaintiffs RYAN CORTEZ, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTE were injured as set forth above, and such injuries entitle Plaintiffs to all damages allowable under California law. Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorney fees under California law, including punitive damages against these individual Defendants.

## TWELFTH CLAIM FOR RELIEF

### For Violation of the Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

### (By All Plaintiffs As Against All Defendants Save HPPD)

162.   Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

163.   The present claim for relief is brought pursuant to Civil Code § 52.1, Cal. Gov. Code §§ 815.2 and 820. Under § 820 of the Government Code, as public employees, the individual defendants are liable for injuries caused by their acts or omissions to the same extent as private persons. Under § 815.2 of the Government Code, Defendant CITY is liable for injuries caused by the acts or omissions of its employees, agents, and/or detectives committed within the course and scope of their employment. This claim for relief is not alleging direct liability against Defendant CITY, only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

164.   By their acts, omissions, customs, and policies, Defendants MARILYN SANABRIA, OFFICER MADRIGAL, and Does 1-10, each acting in concert/conspiracy, as described above, attempted to interfere with, and violated RYAN CORTEZ's, EDIN ALEX ENAMORADO's, JESUS CORTEZ's, ALEJANDRINA ISABEL CORTEZ's, LANCE CORTEZ's, JESSE CORTEZ's, and JUSTIN CORTEZ's rights under California Civil Code § 52.1 and under the United

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

States Constitution and California Constitution as follows:

    A. The right to due process under Fourteenth Amendment to the United States, including the right to be free from fabrication of evidence and suppression of evidence;

    B. The right to be free from unreasonable seizure and detention under the Fourth Amendment to the United States;

    C. The right for the familial association to be free from government interference as secured by the Fourteenth Amendment to the United States Constitution;

    D. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, § 1.

165. Defendants' violations of RYAN CORTEZ's, EDIN ALEX ENAMORADO's, JESUS CORTEZ's, ALEJANDRINA ISABEL CORTEZ's, LANCE CORTEZ's, JESSE CORTEZ's, and JUSTIN CORTEZ's due process rights with deliberate indifference, in and of themselves constitute violations of the Bane Act. Alternatively, separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of RYAN CORTEZ's, EDIN ALEX ENAMORADO's, JESUS CORTEZ's, ALEJANDRINA ISABEL CORTEZ's, LANCE CORTEZ's, JESSE CORTEZ's, and JUSTIN CORTEZ's rights as described above, Defendants violated Plaintiffs' rights by the following conduct constituting threat, intimidation, or coercion:

    A. By intentionally seizing, detaining, and arresting Plaintiffs without reasonable suspicion or probable cause;

    B. By intentionally fabricating witness testimony;

    C. By intentionally prosecuting RYAN CORTEZ who Defendants knew was innocent;

    D. Instituting and maintaining the unconstitutional customs, policies, and

35

practices described herein, when it was obvious that in doing so, individuals such as RYAN CORTEZ's, EDIN ALEX ENAMORADO's, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ would be subjected to violations of his due process rights by threat, intimidation, coercion.

166. The threat, intimidation, and coercion described herein were done with the specific intent to violate Plaintiff RYAN CORTEZ's, EDIN ALEX ENAMORADO's, JESUS CORTEZ's, ALEJANDRINA ISABEL CORTEZ's, LANCE CORTEZ's, JESSE CORTEZ's, and JUSTIN CORTEZ's rights.

167. Further, all of Defendants' violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

168. Further, each Defendant violated RYAN CORTEZ's, EDIN ALEX ENAMORADO's, JESUS CORTEZ's, ALEJANDRINA ISABEL CORTEZ's, LANCE CORTEZ's, JESSE CORTEZ's, and JUSTIN CORTEZ's rights with reckless disregard and with the specific intent and purpose to deprive them of their enjoyment of those rights and of the interests protected by those rights.

169. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiffs RYAN CORTEZ, EDIN ALEX ENAMORADO, JESUS CORTEZ, ALEJANDRINA ISABEL CORTEZ, LANCE CORTEZ, JESSE CORTEZ, and JUSTIN CORTEZ's rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against each and every Defendant is entitled to relief, including punitive damages against all individual Defendants, and all damages allowed by California Civil Code §§ 52 and 52.1 and California law, not limited to costs attorneys' fees, and civil penalties.

///

///

///

36

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs requests entry of judgment in his favor and against Defendants as follows:

    A.  General Damages in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

    B.  Non-Economic Damages in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

    C.  Punitive damages as to the individual defendants;

    D.  Attorney's fees pursuant to State Law (CCP § 1021.5 & private attorney general doctrine);

    E.  Penalties under the Bane Act;

    F.  A multiplier of damages including treble damages pursuant to Civil Section 52;

    G.  Interest;

    H.  All other remedies awarded by the Court;

    I.  All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; and as otherwise may be allowed by California and/or federal law.

Dated: January 17, 2025        LAW OFFICES OF CHRISTIAN CONTRERAS
                                       A PROFESSIONAL LAW CORPORATION

By: _____
                       CHRISTIAN CONTRERAS, ESQ.
                       Attorneys for Plaintiff,
                       RYAN CORTEZ

Dated: January 17, 2025        GASTÉLUM LAW, APC

By: _____
                       Denisse O. Gastélum, Esq.
                       Attorneys for Plaintiffs, JESUS CORTEZ, et al.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Dated: January 17, 2025     **LAW OFFICES OF HUMBERTO GUIZAR**

By: _____
HUMBERTO GUIZAR, ESQ.
Attorneys for Plaintiff,
EDIN ALEX ENAMORADO

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims for relief alleged herein.

Dated: January 17, 2025     **LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**

By: _____
CHRISTIAN CONTRERAS, ESQ.
Attorneys for Plaintiff,
RYAN CORTEZ

Dated: January 17, 2025     **GASTÉLUM LAW, APC**

By: _Denisse O. Gastélum_
Denisse O. Gastélum, Esq.
Attorneys for Plaintiffs, JESUS CORTEZ, et al.

Dated: January 17, 2025     **LAW OFFICES OF HUMBERTO GUIZAR**

By: _____
HUMBERTO GUIZAR, ESQ.
Attorneys for Plaintiff,
EDIN ALEX ENAMORADO

38

**PLAINTIFFS' COMPLAINT FOR DAMAGES**